UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BENNIE GREEN,**

    **Petitioner,**

v.                          Case No. 19-CV-1847

**MICHELLE HAESE,**

    **Respondent.**

---

### ORDER GRANTING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS[1]

---

       Bennie Green, who is currently incarcerated at the Green Bay Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Accompanying his petition is a motion for leave to proceed without prepayment of the filing fee. (Docket # 2.) Green has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 3.)

       Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating, "the nature of the action, defense or appeal and affiant's belief that the person is entitled to

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

redress." Upon review of Green's affidavit and his prison account statement, I find that he has insufficient assets to pay the $5.00 filing fee. Accordingly, Green's motion to proceed without prepayment of the filing fee (Docket # 2) is granted.

I must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, I review whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Green's petition raises four grounds for relief; each ground is a challenge to the jurisdiction of the state court of conviction. (Docket # 1.) Green's petition, on its face, has two fatal flaws. First, Green does not appear to allege that his custody violates either the Constitution or the laws of the United States. A challenge to the state court's jurisdiction does not involve a federal question and thus cannot be raised in a § 2254 petition. *See, e.g.*, *Cowins v. Boughton*, No. 16-CV-22-JDP, 2019 WL 1900337, at *2 (W.D. Wis. Apr. 29, 2019); *United States ex rel. Bell v. Mathy*, No. 08 C 5622, 2009 WL 90078, at *2 (N.D. Ill. Jan. 14, 2009). However, to the extent Green alleges a federal or constitutional claim, Green acknowledges that he neither filed a direct appeal of the judgment of conviction, nor did he file any other motion for state post-conviction relief. (Docket # 1 at 3–4.) Thus, he acknowledges that he has not exhausted his state court remedies. (*Id.* at 7–10.) Green's only explanation for his failure to exhaust is the citation to three irrelevant cases. (*Id.*) One who pursues relief under

28 U.S.C. § 2254 must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). Because it plainly appears from the face of the petition that Green is not entitled to relief in this Court, I recommend that Green's petition be dismissed without prejudice.

**NOW, THEREFORE, IT IS RECOMMENDED** that Green's petition (Docket # 1) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Green's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 20th day of December, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge